BC

RECEIVED
6/11/2026
JKS
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
7/19/2026
RC
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:26-cv-06908
Judge Sharon Johnson Coleman
Magistrate Judge Daniel P. McLaughlin
Random/Cat 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RYAN R. SINWELSKI,

Plaintiff,

v.

CITY OF HARVEY, a municipal corporation; THE ESTATE OF CHRISTOPHER J. CLARK; DERRICK CHARLES, individually and in his official capacity as Deputy Chief of Police; CAMERON BIDDINGS, individually and in his official capacity as Chief of Police; KORI WRIGHT, individually and in an official capacity as Field Lieutenant; and LIEUTENANT MONTGOMERY, individually and in an official capacity as a Police Officer,

Defendants.

Case No.

Hon.

TRIAL BY JURY DEMANDED

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

*(First Amendment Retaliation – 42 U.S.C. § 1983) (Fourth Amendment Unlawful Seizure / Excessive Force – 42 U.S.C. § 1983) (Failure to Intervene – 42 U.S.C. § 1983)*

---

**I. JURISDICTION AND VENUE**

1. This action arises under **42 U.S.C. § 1983** and the First, Fourth, and Fourteenth Amendments to the United States Constitution.
2. This Court has federal question jurisdiction pursuant to **28 U.S.C. § 1331**.

3. Venue is proper in this Judicial District under **28 U.S.C. § 1391(b)** because all Defendants operate within this District, and the substantial events, omissions, and constitutional violations giving rise to these claims occurred entirely within this District.

## II. THE PARTIES

4. Plaintiff, **RYAN R. SINWELSKI**, is a resident of Harvey, Illinois, an investigative reporter, a professional educator, and an outspoken advocate for government accountability.
5. Defendant, **CITY OF HARVEY**, is a local unit of government situated within Cook County, Illinois, which operates, funds, and controls the Harvey Police Department.
6. Defendant, **THE ESTATE OF CHRISTOPHER J. CLARK**, is named as a defendant for actions taken by Christopher J. Clark in his individual capacity while serving as the Mayor of the City of Harvey on June 13, 2024. At all times relevant, Clark exercised final policy-making and administrative authority over municipal operations.
7. Defendant, **DERRICK CHARLES**, is employed as the Deputy Chief of Police for the Harvey Police Department. He is sued in his individual capacity. Defendant Charles has a documented judicial record of professional dishonesty and making false statements regarding his official law enforcement duties, culminating in an Illinois Appellate Court mandate vacating a prior arbitral reinstatement to secure his termination from a separate law enforcement agency (*City of Country Club Hills v. Charles*, 2020 IL App (1st) 200546).

8. Defendant, **CAMERON BIDDINGS**, is employed as the Chief of Police for the Harvey Police Department. He is sued in both his individual and official capacities, as he was physically present, maintained direct command authority over all on-scene law enforcement personnel, and completely failed to intervene to protect Plaintiff's civil rights.
9. Defendant, **FIELD LIEUTENANT KORI WRIGHT (#1250)**, is employed as an officer for the Harvey Police Department. He is sued in his individual capacity as a direct physical participant in the unlawful arrest and the individual who authored and verified an intentionally falsified use-of-force public record.
10. Defendant, **LIEUTENANT MONTGOMERY**, is employed as an officer for the Harvey Police Department. He is sued in his individual capacity as the initial physical actor who initiated the unlawful seizure of Plaintiff under the Mayor's summary directive.

## III. STATEMENT OF FACTS

### The Investigative Journalism & Retaliatory Motive

12. In December 2023 and January 2024, Plaintiff Ryan R. Sinwelski engaged in constitutionally-protected investigative journalism and whistleblowing by documenting severe, unpermitted municipal safety violations along the Broadway corridor in Harvey.
13. Specifically, Plaintiff filmed and reported that the City of Harvey was executing structural demolitions utilizing Cook County prisoner labor without mandatory environmental permits or proper Personal Protective Equipment (PPE).

14. Plaintiff's investigative reporting successfully forced county and state regulators to intervene and issue a temporary shutdown of the illegal city-managed project.
15. Throughout April and May 2024, the City of Harvey and its preferred contractors engaged in a continuous effort to paper over their legal exposure by pulling rushed, retroactive environmental and structural permits for the Broadway corridor.
16. Because Plaintiff continuously monitored, documented, and exposed this administrative cover-up and the underlying corruption of the municipal pipeline, Defendant Clark and city administration officials developed an acute, urgent animus and retaliatory motive to silence Plaintiff.

**The Assault and False Arrest of June 13, 2024**

17. On June 13, 2024, Plaintiff attended a public, special City of Harvey City Council meeting to exercise his First Amendment rights to voice political dissent and demand public transparency from his elected officials.
18. Prior to Plaintiff speaking or engaging in any disruptive conduct, Defendant Clark explicitly targeted Plaintiff based on the viewpoint of his anticipated dissent, ordering Defendant Deputy Chief Charles to stand directly over and intimidate Plaintiff.
19. When Plaintiff quietly muttered "boo" to himself, Defendant Clark summarily and without legal authorization ordered the Harvey Police Department to forcibly remove and arrest Plaintiff.
20. Defendant Lieutenant Montgomery immediately lunged at Plaintiff to execute this unlawful, summary order.

21. Defendant Deputy Chief Charles and Field Lieutenant Wright walked over to assist in the forced removal.
22. Defendant Charles utilized excessive, unreasonable physical force by violently clamping his hand directly onto Plaintiff's throat and neck area—a dangerous tactic captured on live television broadcast frames.
23. Defendant Charles violently ripped Plaintiff's phone from his hand, slammed him against a wall, and applied metal handcuffs with excessive force, causing deep cuts, severe bruising, swelling, and numbness to Plaintiff's wrists.
24. Defendants Chief Biddings, Lt. Wright, and Lt. Montgomery stood in immediate physical proximity to Defendant Charles. Despite having a realistic opportunity to intervene and stop the excessive physical force and unlawful warrantless arrest, all three officers stood by and permitted the constitutional violations to occur in plain view.
25. Plaintiff was dragged out of the public meeting, locked in a squad car, and detained at the Harvey Police Department.

**The Falsified Police Record & Dismissal of Charges**

26. Following the unlawful arrest, Plaintiff was subjected to a coercive, incommunicado detention at the Harvey Police Department, where law enforcement personnel intentionally withheld his access to a phone call and explicitly threatened prolonged, indefinite incarceration unless he signed a misdemeanor citation for "Disorderly Conduct" (Case No. HV-24-00014302). Acted upon by this extreme administrative duress, Plaintiff signed the citation but explicitly wrote the words

**"(under duress)"** directly next to his signature, preserving his constitutional objections on the face of the official record.

27. To cover up their unprovoked constitutional violations, Defendant Field Lieutenant Wright generated and filed an official Incident Report where he deliberately checked **"NO"** next to the field asking *Use of Force Involved?*, a material falsification completely contradicted by the video evidence and Plaintiff's visible physical injuries. This fraudulent record was subsequently approved by the department's command staff.

28. The Cook County State's Attorney's Office conducted an independent review of the objective video evidence surrounding the incident and immediately dismissed all charges against Plaintiff.

## IV. LEGAL CLAIMS (COUNTS)

**COUNT I: First Amendment Retaliation (42 U.S.C. § 1983)**

*(Against Defendants Clark Estate and Charles)* 29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as though fully set forth herein. 30. Plaintiff's investigative journalism regarding illegal municipal demolitions and his subsequent attendance at a public meeting constitute core expression protected by the First Amendment. 31. Defendants Clark and Charles intentionally targeted, physically assaulted, and arrested Plaintiff under color of law for the explicit purpose of punishing his political dissent, suppressing his journalistic exposure of corruption, and chilling his future speech. 32. As a direct and proximate result of this retaliation, Plaintiff suffered a severe deprivation of his constitutional rights, physical trauma, and deep emotional distress.

**COUNT II: Fourth Amendment Unlawful Seizure & Excessive Force (42 U.S.C. § 1983)**

*(Against Defendants Clark Estate, Charles, Wright, and Montgomery)* 33. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as though fully set forth herein. 34. On June 13, 2024, Defendants intentionally seized, restrained, and incarcerated Plaintiff under color of law without a warrant, without a vote of the City Council, and without arguable probable cause. 35. The physical force applied by Defendant Charles—specifically a chokehold restriction to the throat and hyper-tight handcuffing—was objectively unreasonable, excessive, and punitive given that Plaintiff was entirely non-violent and unarmed. 36. As a direct and proximate result of Defendants' unlawful seizure and excessive force, Plaintiff was deprived of his liberty and suffered acute physical pain, lacerations, and lasting emotional trauma.

**COUNT III: Failure to Intervene (42 U.S.C. § 1983)**

*(Against Defendants Biddings, Wright, and Montgomery)* 37. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as though fully set forth herein. 38. During the events of June 13, 2024, Defendants Chief Biddings, Field Lieutenant Wright, and Lieutenant Montgomery were present and witnessed Defendant Charles utilize excessive, unconstitutional physical force and execute a baseless, retaliatory false arrest. 39. Each of these law enforcement defendants had a clear, non-discretionary constitutional duty and a realistic opportunity to intervene to prevent or stop the ongoing violations of Plaintiff's clearly established rights. 40. Defendants completely failed to execute their duty to intervene, choosing instead to allow, assist, and subsequently paper over the physical

assault and false arrest of the Plaintiff. 41. As a direct and proximate result of their failure to intervene, Plaintiff suffered unchecked physical injuries and prolonged unlawful detention.

**COUNT IV: Monell Municipal Liability (42 U.S.C. § 1983)**

*(Against Defendant City of Harvey)* 42. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as though fully set forth herein. 43. The City of Harvey maintained an unconstitutional municipal custom and widespread practice of weaponizing its police force on summary orders of the executive branch to silence dissenting residents, remove political opponents, and systematically falsify use-of-force logs to mask police brutality. 44. The City of Harvey deliberately retained and placed an officer with a known, judicially confirmed pattern of dishonesty, official deception, and lying by omission (Defendant Charles) into a high-ranking command position, demonstrating deliberate indifference to the constitutional rights of the public. 45. The City's widespread customs, training deficiencies, and supervisory failures were the moving force behind the violation of Plaintiff's constitutional rights.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan R. Sinwelski respectfully prays that this Honorable Court enter judgment in his favor and against Defendants for the following relief:

- **A.** Compensatory damages in an amount to be proven at trial for physical injury, loss of liberty, severe emotional distress, public and media humiliation, and direct economic harm to Plaintiff's professional real estate operations.

- **B.** Punitive damages against individual Defendants Charles, Biddings, Wright, and Montgomery for their willful, malicious, and reckless disregard of Plaintiff's constitutional rights.
- **C.** An award of the costs of this action, service expenses, and litigation expenditures pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.
- **D.** Such other relief as the Court deems just and equitable.
- **E.** Leave to amend this Complaint pursuant to Federal Rule of Civil Procedure 15 after conducting discovery to identify any John/Jane Doe defendants and to add further factual allegations or claims concerning municipal coordination, internal communications, retaliatory intent, social-media monitoring, ongoing emotional-distress damages, or conspiracies under 42 U.S.C. §§ 1985 and 1986.

Dated: June 10, 2026

Respectfully submitted,

**/s/ Ryan R. Sinwelski**

Ryan R. Sinwelski, Plaintiff Pro Se
15333 Ashland Ave, Harvey, IL 60426
Phone: (312) 436-2182
Email: ryan@ryansgaychicago.com